Sullivan Granite Co.
vs.  }Law No. 1185
Annunziato Vuono

March 16, 1926

SUMNER, J. This case was tried by the court, jury trial having been waived.

The plaintiff has brought suit in trespass, claiming that the defendant has repeatedly torn down the fence enclosing the plaintiff's property.

The defendant pleads liberum tenementum and justifies his entering the premises. He claims a right of way over the land of the plaintiff by virtue of a clause in the deed to the plaintiff from the ancestor in title of both plaintiff and defendant. The ancester in title, Wayland A. Saunders, conveyed a strip of land, 100 feet wide, running through his farm, to the plaintiff by a warranty deed in 1910, and inserted the following clause in said deed: "but the said Wayland A. Saunders shall have a right of way across said land where he selects at or near the spring."

It appears that Wayland A. Saunders never selected a right of way and seven years later, in 1920, by a warranty deed conveyed his farm, lying on both sides of the plaintiff's strip, to the defendant, Vuono and his wife, making no mention in this deed of the right of way. Plaintiff did not fence in this strip till 1924, four years after the defendant bought the property, and, accordingly, up to that time defendant drove his cattle across the strip at will. Under the strict rules of law, the language in the above clause can not be construed as a reservation of the easement in fee because of the absence of the words "heirs," nor can it operate by way of an exception because it was a new right of way and not a part of the thing granted and in ease at the time.

In construing deeds the court has not always felt itself bound by the technical rules of law, but has considered all the facts and circumstances, the relation of the parties, the location of their estates, and given great weight to the construction placed by the parties themselves by their acts and conduct.

Wesley v. Carter, 30 R. I. 403.

Saunders never selected a right of way as called for in the deed, and when he conveyed his farm to the defendant Vuono, it is significant that he made no reference whatever to this right of way, although he expressly excepts from the farm conveyed the 100 foot strip already conveyed to plaintiff. He testified that he told the defendant that there was a right of way by the spring, but if he believed that there was a right of way, why did he not make some mention of it in his deed? Presumably the defendant, in buying the property, was aware of the provision for a right of way made in the deed to the Sullivan Granite Company, and one would suppose that out of due caution he would have seen that a right of way was selected by Mr. Saunders before he parted with the property and that he would have insisted upon some reference being made to it in the deed to him. The question of necessity does not arise in this case, as there is a road running through the defendant's property giving him reasonably good access to that part of the farm beyond the strip owned by the plaintiff. In the meantime plaintiff has at some expense put in a sixteen foot fill over the right of way claimed by defendant and erected a substantial fence enclosing it.

To summarize the language of the clause fails to comply with the technical rules relative to reservations and exceptions; the right of way is not required by necessity; a defendant's ancestor in title, Saunders, never saw fit to select a place for it, and in his deed to Vuono failed to mention it. It seems to the court that Saunders surrendered or waived

whatever rights he had under the clause and that defendant at any rate has been guilty of laches in enforcing them.

Accordingly decision is rendered for plaintiff and damages are awarded it in the sum of $200.